

FILED
2019 Sep-05 PM 03:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **JOSIE GARRARD,** | )<br>) |
| **Plaintiff,** | )<br>) |
| vs. | )    **Case No.:** <br>) |
| **BUFFALO ROCK COMPANY, a corporation;** <br>**BUFFALO ROCK BOTTLING COMPANY OF GADSDEN, ALABAMA, a corporation; and** <br>**CLINT MIZELL, an individual,** | )<br>)    **TRIAL BY JURY DEMANDED** <br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

## COMPLAINT

This is an action filed under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (hereinafter referred to as the "Fair Labor Standards Act" or "FLSA"). Plaintiff seeks payment for unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b), for Defendants' willful violation of the FLSA.

### JURISDICTION & VENUE

1. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the Fair Labor Standards Act, by 28 U.S.C. § 1331, because this action arises under laws of the United States, and by 28 U.S.C. § 1337, because this action arises under Acts of Congress regulating commerce.

2. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the causes of action set forth in this Complaint arose in the Northern District of Alabama.

3. The Defendant, Buffalo Rock Company is an Alabama corporation, which employs the Plaintiff to labor for its benefit in this District.

4. The Defendant, Buffalo Rock Bottling Company of Gadsden, Alabama, is also an Alabama corporation, which employs the Plaintiff to labor for its benefit in this District.

## PARTIES

### A.   Plaintiff

5. The Plaintiff, Josie Garrard (hereinafter referred to as "Mr. Garrard"), is above the age of nineteen (19) years, is a resident of Etowah County, Alabama.

6. Mr. Garrard began working for Defendants around November of 2018, and is currently still employed by Defendants.

7. During all times relevant to this Complaint, the Plaintiff is a "Warehouse Manager" and is Defendants' "employee" within the meaning of 29 U.S.C. § 203(e).

8. The Plaintiff is subject to the full protections of the FLSA, and does not perform duties that would exempt him from its coverage.

### B.   Defendants

9. Buffalo Rock Company and Buffalo Rock Bottling Company of Gadsden, Alabama, are domestic corporations.

10. The Defendant, Mr. Clint Mizzell (hereinafter referred to as "Mr. Mizzell") is an individual above the age of nineteen (19) years, a resident of Etowah County, Alabama, and is at all times relevant to this cause of action, Plaintiff's Manager.

11. Buffalo Rock Company is the parent organization to its franchisee, Buffalo Rock Bottling Company of Gadsden, Alabama ("Gadsden Franchise").

12. Buffalo Rock Company and Gadsden Franchise regularly conduct business in the State of Alabama.

13. The Defendants conduct business in Etowah County, Alabama.

14. The Defendants are engaged in the business of operating distribution centers providing soft drinks, coffee service, full line vending, cafeteria services, and catering needs.

15. The Defendants form an enterprise engaged in interstate commerce for the purposes of the Fair Labor Standards Act with annual gross sales in excess of $500,000.00.

16. The Defendants are "employers" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and are not exempt under the Act.

17. Buffalo Rock Company's physical address is 111 Oxmoor Road Birmingham, Alabama 35209.

18. The Gadsden Franchise's principal address is 101 Spurline Drive, Gadsden, Alabama 35903.

## FACTUAL ALLEGATIONS

19. The Defendants own and/or operate distribution centers providing soft drinks, coffee service, full line vending, cafeteria services, and catering needs.

20. The Defendants utilize goods which travel in interstate commerce to service their clients.

21. In November 2018, Defendants hired Plaintiff as a "picker."

22. Defendants correctly classified Plaintiff as non-exempt under the FLSA.

23. Defendants paid him one and one-half (1½) times his normal hourly rate for any hours worked in excess of forty (40) during a week.

24. Defendants required Plaintiff to clock-in at the start of each shift, and clock-out at the end of each shift.

25. In February 2019, Defendants promoted Plaintiff to a Shift Lead position.

3

26. The Shift Lead position came with a pay raise, but Defendants continued to classify Plaintiff as non-exempt under the FLSA.

27. Defendants still required Plaintiff to clock-in at the start of each shift, and clock-out at the end of each shift.

28. Approximately one (1) month later, in March 2019, Defendants promoted Plaintiff to a "Coordinator."

29. At this time, Defendants increased Plaintiff's pay and stopped paying him on an hourly basis.

30. Defendants erroneously changed Plaintiff's classification to "exempt" under the FLSA, in March 2019.

31. Defendants no longer permit Plaintiff to clock-in at the beginning of each shift, or clock-out at the end of each shift.

32. Currently, Plaintiff works full-time for Defendants as a "Warehouse Manager" at the Gadsden Franchise.

33. Defendants still classify Plaintiff as an "exempt" employee.

34. Although his title is "Warehouse Manager," Plaintiff does not perform any managerial duties or responsibilities, or otherwise perform as an "exempt" employee.

35. Plaintiff does not have the authority to hire or fire other employees.

36. Plaintiff does not have the authority to exercise independent judgment or control day to day operations at the Gadsden Franchise.

37. Plaintiff does not manage the schedule of other employees, or dictate the work to be performed by other employees.

38. In fact, the overwhelming majority of the work performed by Plaintiff pertains to the following: (a) editing trucks in company software; (b) printing loading reports for drivers; (c) running metric reports pertaining to sales; (d) doing GEMBA walks and making notes on what is and is not working; (e) verifying that pallets are

built accurately; (f) walking the warehouse to ensure the shift is running on schedule; (g) invoicing handhelds for the next day; and (h) getting paperwork ready for drivers.

39. When another employee is absent, Plaintiff performs a wide variety of tasks such as picking and forklift driving. This is a common, regular part of Plaintiff's workday.

40. Mr. Mizell, Gadsden Franchise General Manager, routinely controls and manages the daily operations of the Gadsden Franchise.

41. Mr. Mizell sets, and otherwise controls, Plaintiff's work schedule.

42. Defendants require Plaintiff to work an average of forty-five (45) to fifty (50) hours per week.

43. Plaintiff receives a fixed, weekly salary of $850.00, despite working far in excess of forty (40) hours every week.

44. Since labeling him as exempt, Defendants have not paid Plaintiff one and one-half (1 ½) times his normal hourly rate for the hours he has worked in excess of forty (40) each week.

45. Defendants continue to violate the FLSA by failing to compensate Plaintiff for the hours he works beyond the normal forty (40) hour work week.

46. In fact, Defendants dock Plaintiff's pay if he misses work, even if he has already worked a full forty (40) hour week.

47. For example, in May of 2019, Defendants docked Plaintiff's pay by eight (8) hours after he missed a day of work, despite the fact that Plaintiff had already reached forty-five (45) hours for that week.

48. Defendants paid Plaintiff for only thirty-two (32) hours, rather than paying Plaintiff for forty-five (45) hours, or even the weekly, fixed salary normally paid.

49. The Defendants did not post any signs at the Gadsden Franchise or provide Plaintiff with any literature regarding his rights under the FLSA.

5

## COUNT ONE

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
(Overtime Violations – 29 U.S.C. § 207)

50. Plaintiffs re-allege paragraphs one (1) through forty-nine (49) as though fully set forth herein.

51. Defendant is an "employer" within the meaning of the FLSA.

52. Plaintiff is an "employee" within the meaning of the FLSA.

53. Defendants currently employ Plaintiff as a "Warehouse Manager."

54. Defendants incorrectly classify Plaintiff as an exempt employee.

55. Defendants continue to erroneously classify Plaintiff as an exempt employee despite knowing that he is a manager in title only.

56. Plaintiff does not work as a manager or fulfill any managerial duties, such as hiring, firing, or controlling day to day operations.

57. In fact, Mr. Mizell controls the day to day operations of the Gadsden Franchise, including setting Plaintiff's schedule.

58. Defendants require Plaintiff to work an average of forty-five (45) to fifty (50) hours per week.

59. However, Plaintiff currently receives a fixed, weekly "salary" of $850.00, despite working more than forty (40) hours.

60. Since labeling him as exempt, Defendants do not compensate Plaintiff one and one-half (1 ½) times his normally hourly pay for the overtime hours worked, as required by 29 U.S.C. § 207.

61. Defendants continue to violate the FLSA by failing to compensate Plaintiff for the hours he works beyond the normal forty (40) hour work week.

62. The Plaintiff is not exempt from the coverage and protections of the fair Labor Standards Act.

63. The Defendants, by such failures, have violated the requirements of the Fair Labor Standards Act.

64. Defendants' failure to provide Plaintiff with premium overtime pay is willful as evidenced by the allegations made herein.

WHEREFORE, the Plaintiff requests this Honorable Court to enter a judgment for him and against the Defendants for:

A. All amounts of all wages the Plaintiff should have received pursuant to 29 U.S.C. § 207 but for the Defendants' violation of his rights;

B. Liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b);

C. All attorney's fees and costs incurred in prosecuting these claims pursuant to 29 U.S.C. § 216(b); and

D. Any and all relief this Honorable Court finds to be just and due under the circumstances.

**Plaintiff demands trial by jury.**

Respectfully submitted,

*/s/ Joshua A. Wrady*
Joshua Wrady (ASB-9617-J68W)
*Attorney for Plaintiff*

**WRADY MICHEL & KING**
505 20th Street North, Suite 1650
Birmingham, Alabama 35203
Joshua@wmalabamalaw.com
Tel:  (205)980-5704
Fax:  (205)994-2819

**DEFENDANTS TO BE SERVED BY PROCESS SERVER AT THE FOLLOWING ADDRESSES:**

Buffalo Rock Company
c/o C T CORPORATION SYSTEM
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Buffalo Rock Bottling Company of Gadsden, Alabama
101 Spurline Drive
Gadsden, Alabama 35903

Clint Mizell, General Manager
101 Spurline Drive
Gadsden, Alabama 35903